

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 5, 1965

Hon. Dorsey B. Hardeman, Chairman
Finance Committee
State Senate
Austin, Texas

Opinion No. C-395

Re: Validity of an appropriation
out of general revenue to the
Panhandle-Plains Museum.

Dear Senator Hardeman:

Your request for an opinion reads as follows:

"The Senate Finance Sub-committee has
directed me to request an opinion on the
matter of whether funds appropriated out of
General Revenue may be used for the construc-
tion of an annex or addition to the Panhandle-
Plains Museum is a valid appropriation, in
view of the College Building Fund established
originally in 1947 and subsequently amended.

"Your early consideration of this im-
portant question will be greatly appreciated,
as the Committee is in the process of finaliz-
ing the Sub-committee report."

Section 17 of Article VII of the Constitution of Texas pro-
hibits the use of "any General Revenue funds for the acquiring or
constructing of buildings or other permanent improvements" by
designated institutions of higher learning. West Texas State Uni-
versity at Canyon is a designated institution of higher learning
specified in Section 17 of Article VII of the Constitution of Texas.
Therefore, your question involves whether an appropriation for the
construction of an annex or addition to the Panhandle-Plains Museum
constitutes an appropriation to a designated institution of higher
learning for the acquiring or constructing of buildings or other
permanent improvements.

The General Appropriation Act of the 42nd Legislature for
the biennium ending August 31, 1933, contained the following item
of appropriation to West Texas State Teachers College, Canyon

-1860-

(now West Texas State University at Canyon):

> "For one unit of library and museum
> building provided, however, this
> appropriation will be available
> only in the event the sum of
> $25,000.00 is raised by private
> subscription and deposited with
> the Board of Control for the pur-
> pose of supplementing this fund,
> and to be paid out on order of
> the Board of Control................... 25,000.00"

Pursuant to the conditions contained in the above-quoted item of appropriation, The Panhandle-Plains Historical Society raised by popular subscription $25,000.00 and deposited said sum with the Board of Control of the State of Texas, and on August 8, 1932, entered into an agreement with the State of Texas whereby there would be constructed the building in question.

Paragraphs I and II of the agreement read as follows:

"I

Title and ownership of the building so to be constructed shall forever remain in the State of Texas.

"II

The use and occupancy of the building shall be made by The Panhandle-Plains Historical So-ciety, subject to the reasonable rules and regu-lations as may be hereafter promulgated by the Board of Regents of the State Teachers Colleges of the State of Texas or any other administrative board acting for or on behalf of the State of Texas as may succeed to or hereafter exercise like administrative functions or similar thereto as is now being exercised by the Board of Regents of the Teachers Colleges of the State of Texas, in accord-ance with law, such regulations always to safeguard unto The Panhandle-Plains Historical Society the reasonable use and occupancy of said building for the purpose of housing its collection as it now ex-ists and as hereafter augmented and for the purpose of carrying the activities of The Panhandle-Plains Historical Society in conformity to and in consonance with its chartered purposes."

The current General Appropriation Act contains the following appropriation:

"PANHANDLE-PLAINS HISTORICAL MUSEUM
(Administered by West Texas State University)

|  | For the Years Ending | |
|---|---|---|
|  | August 31, 1964 | August 31, 1965 |
| General Operating Expenses, Including Salaries and Wages | $ 40,000 | $ 40,000 |
| For the construction of a memorial Museum Building, the purchase of display cases and other equipment and materials in connection with the construction and completion of such building; providing that none of the funds appropriated in Item 2 shall be used for repairs or rehabilitation of present structures | 25,000 | 10,000 & U.B. |
| Total, Panhandle-Plains Historical Museum | $ 65,000 | 50,000" |

In view of the foregoing, it is our opinion that the Panhandle-Plains Museum constitutes an entity separate and apart from the West Texas State University at Canyon. The title and ownership of the property is in the State of Texas. The Board of Regents of the State Teachers Colleges of the State of Texas acts merely as an administrative agent of the Museum for the State of Texas and the Legislature has so treated the Museum since its inception. It is therefore our opinion that Section 17 of Article VII of the Constitution of Texas does not apply to appropriations made to the "Panhandle-Plains Museum." You are therefore advised that an appropriation to the Panhandle-Plains Museum out of General Revenue, for the construction of an annex or addition to the Panhandle-Plains Museum building, would be a valid appropriation.

## SUMMARY

The Panhandle-Plains Museum constitutes
an entity separate and apart from West Texas

State University at Canyon, and an appropriation
to the Panhandle-Plains Museum out of the General
Revenue Fund for the construction of an annex or
addition to the Panhandle-Plains Museum building
would be a valid appropriation, since Section 17
of Article VII of the Constitution of Texas is not
applicable to such appropriation.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Roy B. Johnson
Carlos Vela
Milton Richardson
**Linward Shivers**
APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone